UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MONIQUE SAUCIER, | Case No. 13-15077 |
| Plaintiff, | Avern Cohn |
| v. | United States District Judge |
| CAMP BRIGHTON PRISON, *et al.*, | Stephanie Dawkins Davis |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
FOR RULE 41(B) DISMISSAL and
TERMINATION OF MOTIONS AS MOOT (Dkt. 71, 72)**

**I.     BACKGROUND AND FACTS**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Camp Brighton Supervisor, CBI Warden, and Health Inspectors on December 13, 2013, claiming violation of her civil rights. (Dkt. 1). The case was referred to Magistrate Judge Michael Hluchaniuk for all pretrial purposes first by District Judge Lawrence P. Zatkoff (Dkt. 11), and then again once the case was reassigned to District Judge Avern Cohn. (Dkt. 60). This matter was reassigned to the undersigned for all pretrial purposes by way of a text-only order entered January 5, 2016.

As noted above, rather than specifying their identities, plaintiff named the defendants in her complaint only by institutional categories and generic titles.

1

Though having simply named "Camp Brighton Prison Supervisor," "CBI Warden," and "Health Inspectors" as defendants, plaintiff did signify, at least as to Camp Brighton Prison Supervisor, that she is suing that defendant in his or her individual and official capacities for her alleged exposure to contaminated water while housed at the facility. She seeks compensatory damages for the exposure.

The United States Marshals Service attempted service using the noted descriptors, but the same was returned unexecuted. (Dkt. 62). After the unsuccessful attempt at service, this Court ordered plaintiff to "identify the defendants by their full names and supply the Court with the necessary addresses for all defendants by February 17, 2015, in order that service may be effectuated." (Dkt. 64). Additionally, the Court specifically cautioned plaintiff that:

> [i]f the Marshal is unable to effectuate service on these defendants with the information thus far provided, the onus remains on plaintiff to discover and submit sufficient information for service of all defendants she has named in her lawsuit. In that event, plaintiff may be required to show 'good cause' why this action should not be dismissed, without prejudice, as against any defendant that remains unserved after the 120-day time limit has expired.

(*Id*.)

On February 10, 2015, plaintiff moved for the appointment of counsel, and for an extension of time to provide names and addresses of the defendants. (Dkt. 65). In its February 20, 2015 order denying the appointment of counsel and

granting an extension of time to identify defendants, the Court also noted that while plaintiff claims that she does not know the names of potential defendants or their addresses "she has not indicated what attempts to conduct discovery have been made . . . including the use of subpoenas, requests for production of documents, interrogatories and requests for admission." (Dkt. 66, at 2-3). The Court also mailed a subpoena issued to the "Michigan Department of Corrections" for service by plaintiff, together with its February 20 Order.

To give plaintiff sufficient time to serve the subpoena, obtain a response, and provide the required names and addresses to the court, and for the Marshal to effectuate service, the Court extended the summons until June 22, 2015. (Dkt. 66 at 3). The Court also ordered plaintiff to provide the names and addresses of the defendants by April 22, 2015, or face dismissal of her lawsuit. (*Id*.)

On March 31, 2015, plaintiff filed a hand-written letter with the Court requesting its assistance in obtaining the names and addresses for the defendants in her lawsuit. (Dkt. 67). The Court, however, is unable to provide this information.

Plaintiff did not file a response to the Court's February 17, 2015 order to provide names and addresses of the defendants (Dkt. 64), or by the extended deadline of April 22, 2015. (Dkt. 66). An Order to Show Cause was entered on July 24, 2015 and plaintiff's response was due by August 14, 2015. (Dkt. 68).

The order to show cause was returned as undeliverable on August 11, 2015. (Dkt. 69). A review of the Michigan Department of Corrections Offender Tracking Information System revealed that plaintiff was paroled. However, plaintiff has not, as required, kept the Court informed of her current address. *See e.g.*, *Watsy v. Richards,* 1987 WL 37151 (6th Cir. 1987) (A Rule 41(b) dismissal is an appropriate sanction for the *pro se* litigant's failure to provide the Court with information regarding her current address.).

A second Order to Show Cause why plaintiff's complaint should not be recommended for dismissal based on (1) plaintiff's failure to identify defendants by their full names, (2) to supply the court with the necessary addresses to effectuate service of process; and (3) plaintiff's failure to keep the Court informed of her own current address, was entered on December 17, 2015. Plaintiff's response to the same was due by January 8, 2016. (Dkt. 70). Alternatively, plaintiff was ordered to provide her current address and identify defendants by their full names along with their addresses by that date. The Second Order to Show Cause contained the following admonition: "**No further extensions will be granted. Failure to timely or adequately respond in writing to this Order to Show Cause or timely provide the Court with her updated address and to identify defendants' names and addresses will result in a recommendation that the entire matter be dismissed under Rule 41(b)**." (*Id.*) (emphasis in

4

original). The Second Order to Show Cause was mailed to plaintiff at her address of record with the Clerk, the Huron Valley Complex Women's Facility, and also to an address provided by plaintiff's parole officer.[1]

To date, plaintiff has not filed a response to the court's December 17, 2015 Second Order to Show Cause. Nor, in the intervening period, has plaintiff provided her current address or identified the defendants with any greater degree of specificity than initially noted. The case docket reveals that two other inmates, Shannon Bryl and Cecilia Logins, filed motions to intervene in this action as interested parties under Federal Rules of Civil Procedure 19, 20 and 24. (Dkt. 71, 72).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions to intervene (Dkt. 71, 72) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where,

---

[1] Only the Second Order to Show Cause mailed to plaintiff at the Huron Valley Complex, her address of record, was returned as undeliverable; the one mailed to the address supplied by plaintiff's parole officer was not returned and thus presumably was delivered.

as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility of issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). However, a prison facility, such as Camp Brighton Correctional Facility, is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Brooks v. Huron Valley Men's Prison*, 2006 WL 2423106, at *1 (E.D. Mich. Aug. 21, 2006).

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."

*Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Failure to identify and serve Doe defendants (or provide names and addresses for these defendants to the U.S. Marshals Service to permit it to effectuate service), constitutes failure to prosecute and warrants a dismissal of this case under both Rules 4(m) and 41(b). *Miller v. Michigan Dep't of Corrections Healthcare Providers,* 986 F.Supp. 1078, 1079 (W.D. Mich. 1997); *see also, Pravda v. City of Albany*, 178 F.R.D. 25, 26 (N.D.N.Y. 1998). Additionally, the Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). All four factors weigh in favor of dismissal here. First, fault lies with the plaintiff for her failure to identify and cause proper service on the defendants. This matter has been pending more than two years and not a single defendant has been specifically identified or served. The Court provided plaintiff with a subpoena directed to the Michigan Department of Corrections, to facilitate her discovery of the full names and addresses of the Doe defendants. The Court also extended deadlines and the summons to give plaintiff sufficient time to discover the identities and addresses of the defendants. While it would be a stretch to suggest that plaintiff's conduct was calculated to "thwart judicial proceedings," as referenced in *Wu*, 420 F.3d at 643, it is not altogether inaccurate to characterize plaintiff's inaction to be in reckless disregard of its effect on these proceedings - including decreasing judicial economy. *Id.* Second, even if the defendants were to be identified at this point, the two-year lapse of time since the filing of this matter and an even longer period since the underlying facts at issue arose, has likely adversely impacted the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence potentially necessary for a robust defense. This likelihood of compromised evidentiary value increases the risk of prejudice to the still-to-be-named defendants. Third, the Court warned plaintiff multiple times in

writing that dismissal in defendants' favor would be granted if she failed to file a response to the orders to show cause or to provide the Court with defendants' full names and addresses, as well as her own current address. (Dkt. 64, 66, 68, 70). Finally, the Court already utilized less drastic measures in an effort to coax plaintiff into compliance when it issued plaintiff an extension of time to identify defendants, and subsequently issued two separate Orders to Show Cause. However, none of the Court's efforts have been availing. Accordingly, none of the four factors weigh against and three of the four (factors one, three and four) definitively weigh in favor dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007

9

WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

More specifically, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding her current address. *Watsy v Richards*, 1987 WL 37151 (6th Cir. 1987). The undersigned concludes that, for the reasons discussed above, plaintiff has apparently abandoned this case by failing to provide the court with her current address, repeatedly failing to comply with orders of the Court and by otherwise failing to provide the Court with the names and addresses of the defendants. Under these circumstances, dismissal with prejudice is appropriate. Given the foregoing conclusions, the undersigned also recommends that the pending motions to intervene be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions (Dkt. 71,72) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 26, 2016                    s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>April 26, 2016</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I certify that I have mailed by United States Postal Service to the following non-ECF participant(s), at the following address(es): <u>Monique Saucier, #612837, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197 and *795 Covey, Apt. N, Muskegon, MI 49442.  (*This address was provided by Muskegon County Parole Office).</u>

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov

12