UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE SAUCIER,

    Plaintiff,

v.        Case No. 13-15077

        HON. AVERN COHN

CAMP BRIGHTON PRISON, et al.,

    Defendants.

_____/

**ORDER OVERRULING OBJECTIONS (Doc. 79)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 76)**
**AND**
**DISMISSING CASE UNDER RULE 41(B)**
**AND**
**DENYING AS MOOT MOTIONS TO INTERVENE (Docs. 71, 72)**
**AND MOTION TO AMEND (Doc. 77)**

I. Introduction

This is a _pro se_ prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff filed a complaint against defendants "Camp Brighton Supervisor, CBI Warden, and Health Inspectors," claiming a violation of her civil rights by allegedly being exposed to contaminated water while housed at the Camp Brighton facility. The case has been referred to a magistrate judge for all pretrial proceedings. (Doc. 60).

On April 26, 2016, the magistrate judge issued a report and recommendation (MJRR), recommending that the case be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute because plaintiff failed to (1) identify defendants by their

full names, (2) supply the Court with information necessary to effect service of process, (3) inform the Court of her current address.[1]  The magistrate judge also recommended that pending motions to intervene by Shannon Bryl (Doc. 71) and Cecilia Logins (Doc. 72) be denied as moot.

To date, only Bryl has filed objections to the MJRR.  (Doc. 79).[2]  Bryl has also filed a motion to amend her motion to intervene (Doc. 77).

For the reasons that follow, Bryl's objections will be overruled, the MJRR will be adopted, and the pending motions to intervene and motion to amend will be denied as moot.

## II.  Plaintiff and Logins Failure to Object

Neither plaintiff nor Logins filed objections to the MJRR and the time for filing objections has passed.  The failure to file objections to the MJRR waives any further right to appeal.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  However, the Court has reviewed the MJRR and agrees with the magistrate judge's analysis and conclusion.  Plaintiff has failed to comply with Court orders requiring her to supply necessary information to move the case forward.  Her failure to

---

[1]This recommendation comes after plaintiff failed to respond to a second order to show cause (Doc. 70) directing her to provide the necessary information.  The show cause order made clear that a failure to respond "will result in a recommendation that the entire matter be dismissed under Rule 41(b)."

[2]Bryl filed a motion to extend the time to file objections (Doc. 78).  Although the motion was filed past the date for objections, the motion is GRANTED.  The Court will consider Bryl's objections infra.

act is grounds for dismissal for a failure to prosecute. As such, Logins' motion to intervene is moot.

### III. Bryl's Objections and Motion

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

Bryl objects to the recommendation to dismiss the case because she says she can cure the defect by identifying defendants. She also moves to amend her motion to intervene to identify what she believes to be the proper defendants.

The problem for Bryl, however, is that the dismissal is based on plaintiff's failure to comply with Court orders. That Bryl may be able to identify defendants is not relevant because she is not a party to the case. Because the Court agrees with the magistrate judge that plaintiff's case should be dismissed, there is no active case in which Bryl may intervene. Thus, her objections must be overruled and her motion to intervene and to amend must be denied as moot.[3]

### IV.

For the reasons stated above, the objections to the MJRR are OVERRULED.

---

[3] The Court notes that Bryl filed her own § 1983 case regarding the water at Camp Brighton, Bryl v. State of Michigan, 14-11163. The case was assigned to the undersigned. The case was dismissed without prejudice for failure to correct filing deficiencies by naming a defendant and providing sufficient copies. (Doc. 6).

3

The MJRR is ADOPTED as the findings and conclusions of the Court.  The motions to intervene and motion to amend motion are DENIED AS MOOT.

This case is DISMISSED WITH PREJUDICE.

SO ORDERED.

<u>S/Avern Cohn</u>
 AVERN COHN
 UNITED STATES DISTRICT JUDGE

Dated: June 14, 2016

Detroit, Michigan